IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENDAN WELCH, and WELCH RACING LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>DOUBLE 00 SHITSHOW, JEREMY JOEHRKE LEHRKE, SHAWN STOUGARD, AMANDA LYNN, STEVEN ANDREW WALKER, and REBECCA WALKER,<br><br>Defendants. | 8:23CV318<br><br>**MEMORANDUM AND ORDER** |

Plaintiffs Brendan Welch ("Welch") a non-prisoner, and Welch Racing LLC ("WR"), filed a pro se Complaint on July 14, 2023, Filing No. 1, brought pursuant to 42 U.S.C. § 1983, a supplement (the "Supplement"), Filing No. 5, a motion to proceed in forma pauperis ("IFP"), Filing No. 2, and a motion seeking the appointment of counsel, Filing No. 6. Plaintiff's motion to proceed IFP shall be granted and the motion for appointment of counsel shall be denied without prejudice to reassertion. The Court now conducts an initial review of Plaintiff's Complaint and Supplement to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2), and for the reasons set forth below, determines that it is.

### I.  IFP

Welch filed a motion to proceed IFP, alleging he has $200 in his bank account and has very little income due to being laid off at his place of employment. Filing No. 2 at 2. Upon review of Welch's Motion, the Court finds that Plaintiff Welch is financially eligible to proceed in forma pauperis.

### II.  INITIAL REVIEW

#### A. Summary of Complaint

Plaintiffs Welch and WR name Jeremy Lehrke, Shawn Stougard, Double OO Shitshow, Amanda Lynn, Steven Walker, and Rebecca Walker as defendants in their Complaint, allege this Court has jurisdiction under both federal question and diversity of citizenship, and sets forth claims of conspiracy, discrimination, "[a]ctual [m]alice," and violations of 18 U.S.C. § 2261A, and 18 U.S.C. §§ 241, 242, stalking and harassment by phone and social media, unlawful use of name and likeness, libel, and false light. Filing No. 1 at 2–5. Immediately following the Complaint, Plaintiffs attach social media pages containing names and some containing what the Court presumes to be handwritten "claims" for Jeremy Lehrke, Steven Walker, Rebecca Walker, and Amanda Lynn. Id. at 8–11. Plaintiffs also filed a supplement, Filing No. 5, but provide no explanation for their filing, instead simply attaching what appear to be social media profile pages, some with handwritten "claims" next to them, and addresses and contact information "for service" or "asset seizure" for the following individuals not named as defendants in the complaint in this case: Justin Gund, Nick Smithberg, Ashton Premer, Jeremy Miller, Chris Kunshier, Patrick Shawn Roetto, Russell Ginger, Brandi Frauendorfer, and Tim Nicholson.

Plaintiffs assert that starting on May 26 (year not stated) through the day the Complaint was filed, they have been stalked and harassed by Lehrke even after "forewarned in legal letters." Filing No. 1 at 5. Plaintiffs allege this harassment occurred, at least in part, on Facebook, originating on Wright and Double OO's business page. *Id.* Plaintiffs submit they have suffered damage to personal and business reputation and pain and suffering. *Id.* at 6.

Welch and WR seek $100,000 in damages to Welch and WRs' business, an injunction banning all parties from stalking and harassing them, an order requiring defendants to recant all statements, an order banning defendants from Plaintiffs' home and business address, and criminal charges against Wright and Double OO for harassment and infringement as well as impersonation and fraud. *Id.*

**B.  Applicable Legal Standards on Initial Review**

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.' " *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999) ). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

**C. Discussion**

Viewing the complaint herein in the light most favorable to the Plaintiffs, the Court finds that Plaintiffs Complaint contains multiple deficiencies which render the Complaint subject to dismissal and/or require amendment.

**1.** *Jurisdiction*

Plaintiffs file this action alleging this Court has both federal question and diversity jurisdiction over the subject matter of this Complaint. Filing No. 1 at 4. For the reasons set forth below, the Court finds these jurisdictional allegations are erroneous and the Complaint must be dismissed.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (i.e., in a civil action arising under the Constitution, laws, or treaties of the United States) or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

4

Here, apparently in support of federal question jurisdiction, Plaintiffs allege violations of federal criminal statutes 18 U.S.C. §§ 241, 242. Filing No. 1 at 4. However, 18 U.S.C. §§ 241 and 242 are federal criminal statutes that do not provide a private right of action, and therefore, cannot be used as a jurisdictional basis for this Court's review. See *Cervantes v. Byrne*, No. 8:22CV64, 2022 WL 743464, at *2 (D. Neb. Mar. 11, 2022) (explaining that 18 U.S.C. §§ 241 and 242 do not support private claims) (citing *Carter v. Muldoon*, No. 8:17CV319, 2018 WL 2049841, at *4 (D. Neb. May 1, 2018)). Consequently, there is no discernible "federal question" alleged in the Complaint and this Court cannot proceed under 28 U.S.C. §§ 1331.

Plaintiffs, however, also allege their case may proceed before this Court based on diversity jurisdiction, Filing No. 1 at 3, as federal district courts also have original jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000.00, *see* 28 U.S.C. § 1332(a), For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001) (citation omitted). Some factors considered when determining citizenship of individuals for the purpose of diversity are "where the person resides; where the person works; where the person votes; the States that issues the person's driver's license; where the person seeks medical treatment; where the person pays taxes; and what address the person lists as his address on various documents." *Salveson v. Miller*, 489 F. Supp. 2d 963, 966 (D.S.D. 2007) (citing *Altimore v. Mount Mercy College,* 420 F.3d 763, 769 (8th Cir. 2005)). "Residence, however, does not equate with citizenship." *Id.* (citing *Janzen v. Goos,* 302 F.2d 421, 426 (8th Cir. 1962).

Here, this Court cannot exercise diversity jurisdiction over this case as at least one of the defendants' citizenships is the same as Plaintiff Welch. Plaintiffs list defendants Lehrke, Stougard, and Lynn as having addresses in Nebraska, defendants Walkers' addresses are listed in Iowa, and Double OO's address is listed in Texas. Filing No. 1 at 2–3. While some jurisdictional allegations are omitted and require amendment to proceed, the jurisdictional allegations asserted in the Complaint list both Plaintiff Welch and defendant Lehrke as citizens of Nebraska.[1] Filing No. 1 at 4. Because diversity is destroyed by Welch, a plaintiff, and Lehrke, a defendant, being citizens of the same state for the purposes of diversity jurisdiction, the Court cannot exercise jurisdiction over this matter under 28 U.S.C. §§ 1332 regardless of the citizenship of the remaining parties.

### 2. *Plaintiff WR cannot proceed pro se*

The Complaint is brought by Welch individually, and WR, which is a Limited Liability Company. Filing No. 1 at 1. Nether Welch nor WR are represented by counsel. While Welch may proceed pro se, WR cannot, as it is well settled that corporations, partnerships, or other legally construed associations or entities may not appear in federal court other than through a licensed attorney. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993).

As such, WR must obtain legal counsel to proceed, or the complaint must be amended to dismiss WR as a party to the suit.

---

[1] Plaintiffs further assert that defendant Double OO, as a corporation incorporated in Texas and having its principal place of business located there, is a Texas citizen but supply no jurisdictional information for the other named defendants. Filing No 1 at 3–4.

### 3. *The factual allegations in the Complaint are insufficient*

While "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties," Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted), pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell, 550 U.S. at 569-70; *see also* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555).

Here, as pleaded, the Complaint fails to meet the minimal pleading standard of Rule 8. The Court is unable to ascertain any connection between the conclusory allegations made by Plaintiffs, such as libel, false light, malicious defamation or misappropriation, and what specific defendants were involved in each alleged violation. Nor can it be determined how or when the any alleged violative incident took place, or any detail of the resulting harm.

For example, in Nebraska defamation consists of the following elements: "(1) a false and defamatory statement concerning the claimant, (2) an unprivileged publication to a third party, (3) fault amounting to at least negligence on the part of the publisher, and

(4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *JB & Assocs., Inc. v. Nebraska Cancer Coal.*, 932 N.W.2d 71, 78 (Neb. 2019). A defamatory statement tends to "harm the reputation of another as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her." *Id.* However, Plaintiffs fail to allege who said what to whom, instead simply concluding they were defamed by defendants. There is nothing in the Complaint describing the alleged defamatory statement(s) or what defendant made the defamatory statement(s). While Rule 8 does not require the level of specificity required under Federal Rule of Civil Procedure 9, a general statement explaining what was published or spoken and by whom is necessary for a claim to proceed. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to support a claim. *Wit v. City of Lincoln, Nebraska*, No. 4:19CV3006, 2019 WL 1459054, at *3 (D. Neb. Apr. 2, 2019) (citing *Iqbal*, 556 U.S. at 678). Ultimately, based on the pleadings filed, the Court is unable to determine which of the named defendants were involved in any of Plaintiff's claims because Plaintiff does not allege any specific factual allegations that connect each defendant with any specific violations.

While summary dismissal is appropriate here, on the Court's own motion, Plaintiff shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against each of the Defendants.[2] *Plaintiffs*

---

[2] The Court notes that it appears that the allegations in the instant Complaint overlap with claims arising from the same set of facts set forth in another diversity action pending before this Court, filed by Plaintiffs against the some of the same defendants. *See Welch v. Wright, et. al.*, Case No. 4:23-CV-3128, Filing No. 1. To the extent Plaintiffs wish to proceed with any claims alleged here, they may wish to voluntarily dismiss the Complaint in this case and amend their complaint in Case No. 4:23-CV-3128, to add any defendants and claims alleged here.

*should be mindful to clearly identify the citizenship of each party if they intend to proceed via diversity of citizenship under 28 U.S.C. § 1332, and/or identify the provision allowing this Court to address their claims as a federal question under 28 U.S.C. § 1331, as well as what each Defendant did to them, when Defendant(s) did it, how each Defendant's actions harmed them, and what specific legal rights Plaintiffs believe each Defendant violated in relation to each allegation.* If Plaintiffs fail to file an amended complaint in accordance with this Memorandum and Order, his claims against all Defendants will be dismissed without prejudice and without further notice. The Court reserves the right to conduct further review of Plaintiffs' claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiffs address the matters set forth in this Memorandum and Order.

### III. Motion to Appoint Counsel

Plaintiffs seek appointment of counsel arguing that they have contacted multiple firms in Lincoln and Omaha but either they cannot help them or Plaintiffs cannot afford them. Filing No. 6 at 2. As cause, Plaintiffs simply submit the matter involves human rights violations, malicious defamation, and libel. Filing No. 6 at 2.

There is no constitutional or statutory right to appointed counsel in civil cases. Phillips v. Jasper Cnty. Jail, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, Chambers v. Pennycook, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of

9

conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court finds appointment of counsel unnecessary in this case. Plaintiffs appear capable of articulating and presenting their claims. Further, at this stage the case does not present particularly complex factual or legal issues, and the Court is familiar with the applicable legal standards. As such, Plaintiffs' motion for appointment of counsel shall be denied without prejudice to reassertion. The Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

IT IS THEREFORE ORDERED that:

1. The motion to proceed IFP, Filing No. 2 is granted. The Complaint shall be filed without payment of fees.

2. Plaintiffs shall have until 30 days from the date of this Memorandum and Order to file an amended complaint that alleges a jurisdictional basis for this Court to retain this case or to voluntarily dismiss the case.

3. If Plaintiffs decide to proceed and file an amended complaint they must:

    A. Obtain counsel for Welch Racing LLC or dismiss Welch Racing LLC from the action; and

    B. Clearly state a claim or claims upon which relief may be granted against any and all named defendants in accordance with this Memorandum and Order. **Plaintiffs are warned that an amended complaint will**

**supersede, not supplement, the previously filed Complaint and Supplement. Plaintiffs must include all of the claims they wish to pursue against all of the defendants they wish to proceed against in the amended complaint, without relying upon or incorporating by reference any allegations made in the original complaints. Plaintiffs should be mindful to explain in their amended complaint what each defendant did to them, when and where the defendant did it, and how the defendant's actions harmed them.**

4. If Plaintiffs fail to file an amended complaint or otherwise respond to this order, Plaintiffs claims against Defendants will be dismissed without prejudice and without further notice.

5. The Clerk's Office is directed to set a pro se case management deadline in this case using the following text: **September 15, 2023:** Check for amended complaint.

6. Plaintiffs' motion to appoint counsel, Filing No. 6, is denied without prejudice to reassertion.

Dated this 17th day of August, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

11