IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRENDAN WELCH, and WELCH RACING LLC, | |
| Plaintiffs, | 8:23CV318 |
| vs. | MEMORANDUM AND ORDER |
| DOUBLE 00 SHITSHOW, JEREMY JOEHRKE LEHRKE, SHAWN STOUGARD, AMANDA LYNN, STEVEN ANDREW WALKER, and REBECCA WALKER, | |
| Defendants. | |

Plaintiffs Brendan Welch ("Welch") a non-prisoner proceeding in forma pauperis and pro se, and Welch Racing LLC ("WR"), filed a pro se Complaint on July 14, 2023 (the "Initial Complaint"), Filing No. 1. On August 17, 2023, this Court issued its initial review (the "Initial Review"), finding a multitude of issues requiring amendment. Filing No. 8. Particularly relevant here, this Court found jurisdictional deficiencies which required amendment if any of Plaintiffs' claims were to proceed. *Id.* at 4–6.

In response, Plaintiffs filed their first amended complaint on August 28, 2023 (the "FAC"), Filing No. 11, a second amended complaint on September 1, 2023 (the "SAC"), Filing No. 13, and a supplement on September 6, 2023, Filing No. 16. Additionally before the Court are two motions seeking appointment of counsel, Filing No. 10 and Filing No. 17, an "emergency" motion for a temporary restraining order, Filing No. 12, and a motion

to "Exclude/Closely Monitor Issue Gag Order," Filing No. 15, all filed by Plaintiffs since the Initial Review was completed.

The matter is now before the Court for initial review of the amended complaint and supplements filed by Plaintiffs under 28 U.S.C. § 1915(e)(2).[1]  For the reasons set forth below, as Plaintiff has failed to allege a jurisdictional basis which would allow this matter to proceed, this case shall be dismissed without prejudice.  Due to the dismissal of this matter, all pending motions, Filing No. 10, Filing No. 12, Filing No. 15, and Filing No. 17, shall be denied as moot.

## I.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

---

[1] The Court notes that although only Plaintiff Welch is proceeding in forma pauperis, review of the Complaint under 28 U.S.C. § 1915(e) is still appropriate.

2

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999) ). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## II.  DISCUSSION

Plaintiffs Welch and WR filed two amended complaints.  Filing No. 11; Filing No. 13.  The Court notes that the filing of an amended complaint supersedes and functionally replaces the previously operative complaint.  *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000) (it is well settled that amended complaints supersede original complaints, rendering an original complaint "without legal effect.") (citing *Washer v. Bullitt County,* 110 U.S. 558, 562 (1884)).  "Hence, in cases where a plaintiff has filed an amended complaint, federal courts must resolve questions of subject matter jurisdiction by examining the face of the amended complaint." *Id.*

Here, when Plaintiffs filed their FAC, it replaced the Initial Complaint as the operative complaint.  Moreover, when Plaintiffs filed their SAC, it replaced the FAC as the operative complaint, rendering the claims and allegations contained in both the Initial Complaint and the FAC ineffective, and review only of the jurisdictional allegations contained in the SAC necessary.  As such, if the SAC was intended to amend, as opposed to supplement the FAC, the only amended complaint formally before this Court is the SAC.  However, in the interest of justice and for the purpose of this initial review, the Court

3

construes the SAC as a supplement to the FAC instead of an amendment and shall review the allegations contained in both the FAC and SAC as well as the September 6 "Supplement" here. However, even considering the SAC, FAC, and the Supplement together, as well as the allegations set forth in the Initial Complaint, Plaintiffs have still failed to allege any jurisdictional basis which would allow this matter to proceed.

**A. The SAC**

The SAC is a "Civil Rights Complaint" alleging federal question jurisdiction under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. Filing No. 13 at 3. Upon review, there is no jurisdiction under either *Bivens* or 42 U.S.C. § 1983 for Plaintiffs' claims to proceed.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, *and* must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (emphasis added). "An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir. 1999). As such, Plaintiffs' claims may be considered together. *Id.*

Plaintiffs make no allegations in any of the complaints or supplements filed in this case that any of the Defendants are state or federal actors, or otherwise acting under color of law. As such, to the extent Plaintiffs allege claims under 42 U.S.C. § 1983 or *Bivens*, all claims fail and must be dismissed.

**B. The FAC and Supplement[2]**

In the FAC, Plaintiffs bring claims under 28 U.S.C. § 1331 (federal question jurisdiction),[3] alleging deprivation of "Life, Liberty and Pursuit of Happiness; UNCAT," and 33 U.S.C. § 931, as well as claims alleged in "previous file," and "Article 12 of Human Rights." Filing No. 11 at 3, 5. None of these allegations, or allegations made in their Initial Complaint, including violations of 18 U.S.C. § 2261A, and 18 U.S.C. §§ 241, 242, which Plaintiffs attempt to incorporate by reference ( in violation of this Court's prior order), provide Plaintiffs a path under which to proceed.

Plaintiffs indiscriminately list or provide vague references to various sources of law but fail to offer any indication as to how these provisions apply in this case. These sources of law include: 33 U.S.C. § 931, a federal statute providing a fine and/or imprisonment for misrepresentation by a claimant for the purpose of obtaining benefits under the Longshoremen and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq.*, *see Atkinson v. Gates, McDonald & Co.*, 838 F.2d 808, 808 (5th Cir. 1988), violations of federal criminal statutes 18 U.S.C. § 2261A, and 18 U.S.C. §§ 241, 242 under which no private right of action exists, the United States Constitution, and human rights

---

[2] The Supplement, Filing No. 16, contains no allegations supporting jurisdiction.

[3] Although Plaintiffs Initial Complaint was filed as a diversity action, *see* Filing No. 1, that jurisdictional basis is omitted in the FAC. However, even considering Plaintiffs' claims in the FAC under the Court's diversity jurisdiction as set forth in 28 U.S.C. § 1332, Plaintiffs case cannot proceed. At least two of the defendants' citizenships appear to be the same as Plaintiff Welch: the state of Nebraska. Filing No. 11 at 2–3 (listing Plaintiff Welch as having Nebraska citizenship, and defendants Lehrke and Stougard with addresses in Nebraska). As diversity is destroyed by Lehrke and Stougard, the Court cannot exercise jurisdiction over this matter under 28 U.S.C. §§ 1332 regardless of the citizenship of the remaining parties. *See McDanel v. BNSF Ry.*, No. 2:14CV46 CDP, 2014 WL 3579570, at *3 (E.D. Mo. July 21, 2014) (the presence of a defendant of the same state destroys complete diversity and thus defeats federal diversity jurisdiction).

While formal jurisdictional allegations for defendants Lehrke and Stougard are omitted and would require amendment to proceed, as this Court has previously granted Plaintiffs leave to amend to address these deficiencies but Plaintiffs failed to do so, *see* Filing No. 8 at 8–9, to the extent Plaintiffs intended to proceed under diversity jurisdiction, dismissal on this basis is also appropriate.

articles apparently from the United Nations. Asserting a private cause of action under the federal criminal statutes cited or the accompanying nonapplicable federal statutes and United Nations regulations[4] is patently nonsensical. Moreover, the Complaint fails to indicate how any of these present a federal question <u>in this suit against wholly private Defendants</u> located in the United States. Plaintiff therefore has failed to establish jurisdiction under a federal-question theory.[5]

IT IS THEREFORE ORDERED that:

1. The Operative Complaint, Filing No. 11, and all supplemental complaints, Filing No. 13, Filing No. 16, are dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2).

2. Due to the dismissal of this case, all pending motions, Filing No. 10, Filing No. 12, Filing No. 15, and Filing No. 17, are denied as moot.

3. A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 8th day of September, 2023.

BY THE COURT:

*F Bataill*

Joseph F. Bataillon
Senior United States District Judge

---

[4] It is unclear what "human rights" acts Plaintiffs intended to assert their clams under. To the extent Plaintiffs' reference to UNCAT and/or Article 12 of "Human Rights" is to the Universal Declaration of Human Rights, a United Nations General Assembly proclamation from 1948 (the "UN Declaration"), *see* https://www.un.org/en/about-us/universal-declaration-of-human-rights (last accessed Sept. 7, 2023), it is entirely unclear what possible application the UN Declaration could have to this suit. In any event, Plaintiffs have no right to bring a civil suit in federal court to either enforce the United Nations Declaration or to seek a remedy for its alleged violation. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734-35 (2004).

[5] If Plaintiffs seek to bring claims under state human rights acts, no federal question jurisdiction exists for such claims. *See Carter v. Edgewood Children's Ctr.*, No. 4:09CV93RWS, 2009 WL 383357, at *1 (E.D. Mo. Feb. 12, 2009) (explaining that claims brought under Missouri human rights acts do not support federal question jurisdiction).